BRODRICK v. KILPATRICK et al.

(Circuit Court, S. D. California. July 1, 1897.)

No. 676.

MORTGAGES—SEPARATE MORTGAGE OF IMPROVEMENTS.

Under Civ. Code Cal. § 2947, providing that "any interest in real property capable of being transferred may be mortgaged," personal property, which by being attached to land by the owner has become a part of the realty, may still be mortgaged separately from the land itself; and such mortgage, when properly recorded, is enforceable against a subsequent purchaser of the realty.

Suit by William J. Brodrick, receiver of the First National Bank of San Bernardino, against D. Kilpatrick and G. F. Rotsler, to foreclose a mortgage.

Curtis, Oster & Curtis, for complainant.

J. H. Call and John T. Jones, for defendants.

WELLBORN, District Judge. This suit is brought to foreclose a mortgage executed September 24, 1894, by the defendant Kilpatrick to the First National Bank of San Bernardino, Cal., of which bank the complainant is now the receiver. Defendant Kilpatrick makes default. Defendant Rotsler has filed an answer, in which he claims some of the property embraced in said mortgage, deraigning title thereto as follows: On the 24th day of February, 1893, the Mentone Sandstone Company, a California corporation, owned a portion of the property so claimed by defendant Rotsler. On that day, Harper, Reynolds & Co., also a California corporation, at sheriff's sale, under an execution issued on a judgment in favor of said Harper, Reynolds & Co. against said Mentone Sandstone Company, bought in a part of said property, afterwards transferring the same to Rotsler; and another part of said property was purchased by said Rotsler directly, at a subsequent execution sale, had on the 19th day of June, 1895, under the same judgment. The following is a list of the property thus acquired by said Rotsler: One boom derrick, with ropes, blocks, and tools, described in the bill as located at Victor granite quarry, San Bernardino county; 2 boom derricks, 1,000 feet of 8-inch wrought-iron pipe and flume, 1 Pelton water wheel, 1 gang stone saw and countershaft, 2 cars and rails, described in the bill as located at Mentone quarry, San Bernardino county; 1 boom derrick and 1 traveling derrick, described in the bill as located at Brownstone spur of Southern Pacific Railroad, Ventura county; 1 wooden oil tank, 1 wrought-iron oil tank, and 1 20-ton stone wagon, described in the bill as located on lot 176 of Filmore's subdivision of the Sespe rancho, Ventura county; 3,800 lineal feet tramway, including rails, ties, steel cable, and pulleys, 2 cars, 1 power house and machinery complete, described in the bill as located at Razzle Dazzle quarry, Boulder Creek and Kentuck oil claims, Ventura county; 5 derricks, with ropes and blocks, 1 16 horse power hoisting engine (Mowery Bros., makers), 1 blacksmith shop and tools, 2 tents, 1 frame office, 1,000 feet of steel rails (20 pounds to the yard), 1 lot of plugs, feathers, drills, crowbars, picks, and shovels, described in the bill as located at the Sespe quar-

ries, Ventura county. Rotsler also claims another portion of the property, described in said mortgage, which did at one time belong to Kilpatrick, and, as the grounds of his ownership, contends that this last-mentioned property was located upon and attached to lot 176 of Filmore's subdivision of the Sespe rancho, in the county of Ventura, Cal., in such a way as to be a part of the realty; that, at the time said property was so placed upon said lot, defendant Kilpatrick held the lot under a contract of purchase; that thereafter he duly assigned said contract to defendant Rotsler; that said Rotsler afterwards, on May 24, 1895, paid the balance due on said contract, and procured a deed to himself. The evidence clearly sustains Rotsler's claim to the property once owned by the Mentone Sandstone Company, and to which he asserts ownership through the execution sales under the Harper, Reynolds & Co. judgment. With reference to the other property claimed by Rotsler, and which at one time belonged to Kilpatrick, I think Rotsler's claim is unfounded. If this last-mentioned property did not become a part of the realty, by virtue of being affixed thereto, then, of course, Rotsler never acquired it through his ownership of lot 176 of Filmore's subdivision of the Sespe rancho. If, however, said property did become a part of the realty, still, when Kilpatrick assigned his contract for the purchase of said lot to Rotsler the assignment was subject to said mortgage, of which Rotsler had at least constructive notice, by reason of its having been previously recorded in said county of Ventura. Kilpatrick, of course, could not assign any other or greater interest in his contract for the purchase of said lot than that which he himself at the time had, and said interest, as just stated, was subject to said mortgage. This mortgage, conceding the property to have been realty, was valid. "Any interest in real property capable of being transferred may be mortgaged." Civ. Code Cal. § 2947. See, also, 15 Am. & Eng. Enc. Law, p. 748. I hold that the mortgage is a valid lien on all the property therein described, except that above listed and mentioned as having once belonged to the Mentone Sandstone Company, and that the property so listed and mentioned is not subject to the lien of said mortgage, but belongs to defendant Rotsler. A decree foreclosing the mortgage, and settling the rights of defendant Rotsler conformably to this opinion, will be entered.